IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARTHUR HAROLSON,

    Plaintiff,                      No. CIV S-04-2068 DFL KJM P

    vs.

CLAIRE TESKE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C.§ 1983.  On October 26, 2004, the court found plaintiff's complaint, which alleged a failure to provide him with prescription glasses, appropriate for service on defendants Teske and Miller.  On May 27, 2005, these defendants filed a motion to dismiss.

        On July 6, 14, and 15 and September 6, 2005, plaintiff filed documents entitled "amended complaint."  These documents do not supplement the claims relating to glasses in the original complaint, but seek to add additional causes of action and defendants.  In addition, on July 14, 2005, plaintiff filed an additional request to proceed in forma pauperis.  Finally, in the amended complaint filed September 6, 2005, plaintiff has asked for the appointment of counsel. In light of plaintiff's filings, and the contents thereof, the court has determined that this case may

1

1  be appropriate for appointment of counsel.

2  The United States Supreme Court has ruled that district courts lack authority to
3  require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist.</u>
4  <u>Court</u>, 490 U.S. 296, (1989). In certain exceptional circumstances, however, the court may
5  request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935
6  F.2d 1015 (9th Cir. 1990); <u>Wood v. Housewright</u>, 900 F.2d 1332 (9th Cir. 1990). In this case the
7  court is not sure whether those exceptional circumstances exist or not. Therefore, this court will
8  refer this case to the civil rights clinic in this district for review.

9  Plaintiff is cautioned while the case is under review, he has responsibility to
10  continue to prosecute his action. The court is not staying the litigation pending the review; rather
11  the review and continued processing of this case will take place at the same time. No scheduled
12  dates in this litigation have been vacated. Also, it may ultimately turn out that volunteer counsel
13  may not be procurable for plaintiff's case.

14  Accordingly, IT IS HEREBY ORDERED that:

15  1. The Clerk of the Court is directed to notify the King Hall Civil Rights Clinic at
16  the University of California, Davis School of Law of this order;

17  2. The Civil Rights Clinic is requested to promptly determine whether it will
18  accept appointment in this case, or whether, in cooperation with the Sacramento Chapter of the
19  Federal Bar Association, it is able to identify counsel willing to accept appointment; and

20  3 The Civil Rights Clinic shall inform the court of its determination within thirty
21  days of the date of this order.

22  4. Plaintiff's July 14, 2005 motion to proceed in forma pauperis is denied as
23  unnecessary.

24  5. No action will be taken on plaintiff's amended complaints until the time
25  provided for a response from the Civil Rights Clinic has expired.

26  6. The Clerk of the Court is directed to serve a courtesy copy of this order on

1  Professor Bill O. Hing, UC Davis School of Law, King Hall Room 2083, 400 Mrak Hall Drive,
2  Davis, California 95616-5201.
3  DATED: September 14, 2005.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2 haro2068.31crc