IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARTHUR HAROLSON,

    Plaintiff,                    No. CIV S-04-2068 DFL KJM P

    vs.

CLAIRE TESKE, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a former county jail inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On March 29, 2005, the court ordered the complaint served on defendants Miller and Teske. On May 27, 2005, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b), alleging that plaintiff had failed to exhaust his administrative remedies before filing his complaint.

I. <u>The Motion To Dismiss And Amended Complaints</u>

        On July 6, July 14, July 15, September 6, and October 3, 2005 plaintiff filed documents, each entitled "amended complaint." While plaintiff's original complaint alleged a denial of eyeglasses, these claims were not included in any of the amended complaints. Instead, each of the five amended complaints contains claims of medical misfeasance, failure to protect from violence at the hands of other inmates, harassment, and destruction of personal property.

1       The Federal Rules of Civil Procedure provide that a party may amend his or her
2 pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R.
3 Civ. P. 15(a).  Defendants Miller and Teske have filed a motion to dismiss, which is not deemed
4 a responsive pleading for purposes of Rule 15(a). <u>Morrison v. Mahoney</u>, 399 F.3d 1042, 1047
5 (9th Cir. 2005).  Accordingly, plaintiff's July 6, 2005 amended complaint is properly before the
6 court.  However, plaintiff has filed additional amended complaints without seeking leave of the
7 court or providing a stipulation from the defendants.  Accordingly, the court will strike from the
8 record the amended complaints filed July 14, July 15, September 6, and October 3, 2005.

9       An amended or supplemental complaint supersedes the original complaint. <u>See</u>
10 <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original
11 pleading no longer serves any function in the case. <u>Id.</u>; <u>see also</u> Local Rule 15-220.  In this case,
12 the amended complaint of July 6, 2005 does not contain the allegations concerning plaintiff's
13 eyeglasses that were included in the original complaint.  In light of this discrepancy, plaintiff will
14 be directed to inform the court whether he wishes to proceed on the original complaint filed
15 September 30, 2004 or the amended complaint filed July 6, 2005, or to seek leave to file an
16 amended complaint combining the claims from some or all of the complaints.  Furthermore,
17 because it appears plaintiff may have abandoned the original claims that are the subject of the
18 motion to dismiss, that motion is now moot.

19 II.  <u>The Referral To The Civil Rights Clinic</u>

20       On September 15, 2005, the court directed the King Hall Civil Rights Clinic to
21 determine whether it would accept appointment in this case and to advise the court by November
22 2005 of its determination.  As of the date of this order, the Civil Rights Clinic has not responded.
23 Accordingly, the referral is revoked.

24 III.  <u>Plaintiff's Motion For Summary Judgment</u>

25       On December 29, 2005, plaintiff filed a motion for summary judgment.  The
26 motion is not accompanied by a statement of undisputed facts and so does not comply with Local

Rule 56-260(a). Moreover, in light of the uncertainty over which claims are properly before this court, the motion is premature.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's amended complaints dated July 14, July 15, September 6, and October 3, 2005 are stricken from the record and will be disregarded.

2. Within thirty days of the date of this order, plaintiff shall inform the court whether he wishes to proceed on the complaint dated September 30, 2004 or the amended complaint dated July 6, 2005, or to file a motion to file an amended complaint combining some or all of the claims. Should plaintiff choose to file a motion to file an amended complaint, he must provide a copy of the proposed amended complaint with the motion. Failure to comply with this order will result in findings and recommendations recommending that this action be dismissed.

3. Defendants' May 27, 2005 motion to dismiss is denied without prejudice as moot. Should plaintiff elect to proceed on the original complaint, defendants may notify the court of their wish to renew the May 27, 2005 motion and need not file a new motion to dismiss. Any such notification shall be made within thirty days of plaintiff's election.

4. The September 15, 2005 referral to the King Hall Civil Rights Clinic is hereby revoked; the Clerk of the Court is directed to serve a copy of this order on the Civil Rights Clinic at the UCD Law School and a separate copy of this order on Professor Bill Hing, also at the UCD Law School.

/////
/////
/////
/////
/////
/////

1  5. Plaintiff's December 29, 2005 motion for summary judgment is denied without
2 prejudice to refiling only after plaintiff complies with the other provisions of this order regarding
3 his complaint and in accordance with a scheduling order that this court will issue during the
4 course of the litigation.

DATED: March 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
haro2068.10